**Stephen P. Rickles,**  OSB #79361
strickles@aol.com
THE RICKLES LAW FIRM, PC
One SW Columbia Street, Suite 1850
Portland, Oregon  97258-2001
Telephone:  503.229.1850
Facsimile:   503.229.1856
Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

DEBORAH ROALSEN,

                 Plaintiff,

      v.

DICK HANNAH DEALERSHIPS, dba
HANNAH MOTOR COMPANY,

             Defendant.

Case No. CV04 1303 MO

MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION IN LIMINE

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE
Z:\9000\9200.676\PRETRIAL DOCUMENTS\MEMO IN SUPP MOTION IN LIMINE.DOC

# TABLE OF CONTENTS

**1.   The EEOC Reasonable Cause Letter is an Inadmissible Lay Opinion, is Based on Hearsay, is Unreliable Hearsay, and is Unduly Prejudicial in Light of its Limited Evidentiary Value.** ..................................................................... 2

A.   Introduction ................................................................................. 2

B.   The EEOC Letter is Inadmissible, Unreliable Hearsay. ............................. 3

C.   The EEOC Letter is Inadmissible Opinion Evidence. ............................. 7

D.   The Limited Probative Value of the EEOC Determination Letter is Far Outweighed by its Prejudicial Effect and the Waste of Time and Confusion of Issues that Would Result from its Admission. .................................................... 9

E.   If the EEOC Letter is Admitted, Defendant Requests that a Detailed Limiting Instruction also be Given. ................................................................ 13

F.   If any Portion of the EEOC Letter is Admitted, the Entire Letter Should be Admitted. .................................................................................... 15

**2.   Opinion Testimony Regarding Defendant's Alleged Intent to Discriminate Should Be Excluded.** ............................................................. 15

**3.   Hearsay Testimony from Plaintiff's Former Co-Workers Should Be Excluded.** .................................................................................... 17

**4.   Evidence of "Prior Bad Acts" by Defendant Should Be Excluded.** ....... 19

**5.   Evidence Regarding the Plaintiff's Rejected Constructive Discharge Claim, and any Damages Allegedly Caused by the Discharge, Should Be Excluded.** .................................................................................... 23

**6.   Evidence of Discrete Acts of Alleged Discrimination Allegedly Occurring More than 300 Days Prior to the Filing of the Plaintiff's EEOC Complaint.** .................................................................................... 24

# TABLE OF AUTHORITIES

## Cases

*Abrams v. Lightolier, Inc.*, 841 F Supp 584, 592-93 (D NJ 1994) ....................... 15

*Barlow v. Connecticut*, 319 F Supp 2d 250, 258 (D Conn 2004) ................... 8, 12

*Bradshaw v. Zoological Society of San Diego*, 569 F2d 1066 (9th Cir 1978) 12, 13

*Budden v. United States*, 748 F Supp 1374, 1377 (D Neb 1990) .................... 4, 5

*Cebula v. General Elec. Co.*, 614 F Supp 260 (ND Ill 1985)......................... 23, 24

*Chandler v. Roudebush*, 425 US 840, 863 n. 39, 96 S Ct 1949, 48 L Ed 2d 416 (1976).................................................................................................... 12

*Coleman v. Home Depot, Inc.*, 306 F3d 1333, 1338-1347 (3rd Cir 2002) ............. 8

*DeLoach v. United States*, 307 F2d 653, 655 (DC Cir 1962) .............................. 10

*Hill v. Spiegel, Inc.*, 708 F2d 233 (6th Cir 1983) ................................................ 24

*Johnson v. Yellow Freight System, Inc.*, 734 F2d 1304, 1309-10 (8th Cir 1984)... 8

*Miller v. Field*, 35 F3d 1088 (6th Cir 1994) ......................................................... 6

*Plummer v. Western International Hotels Company, Inc.*, 656 F2d 502, 505 (9th Cir 1981) ................................................................................................. 11, 12

*Torres v. County of Oakland*, 758 F2d 147 (6th Cir 1985) ................................. 10

*Trotter v. Todd*, 719 F2d 346 (10 Cir 1983) ........................................................ 9

*United States v. Orozco*, 590 F2d 789, 793-94 (9th Cir 1979)............................. 4

*United States v. Stone*, 604 F2d 922 (5th Cir 1979) ........................................... 5

## Rules

FRE 402 ............................................................................................................ 21

FRE 403 ........................................................... 3, 7, 8, 11, 13, 14, 17, 21, 25, 27

FRE 404 ................................................................................ 22, 25, 27

FRE 404(3) ........................................................................... 21

FRE 608(2) ........................................................................... 22

FRE 701 ................................................................................ 8, 9, 17

FRE 702 ................................................................................ 3

FRE 801(d)(2) ...................................................................... 20

FRE 802 ................................................................................ 19

FRE 803(8) ........................................................................... 2, 3, 4, 5, 6, 7, 10

Defendant submits the following memorandum of points and authorities in support of the Motion in Limine and Alternative Motion for Rule 104 Hearing, filed concurrently herewith.  That motion specifically sought to exclude:

1.    The EEOC investigator's reasonable cause determination letter. FRE 402, 403, 701, and 802.

2.    Testimony or other evidence in the form of an opinion, feeling or belief that the defendant and/or any of its managers or employees discriminated against or intended to discriminate against the plaintiff.  FRE 402, 403, 701, and 702.

3.    Hearsay testimony or evidence from defendant's former employees concerning events occurring during their employment with defendant. FRE 402, 403, 701, and 802.

4.    Testimony or other evidence concerning prior "bad acts" on the part of defendant and/or any of its managers or employees that are unrelated to the plaintiff, or which relate to alleged discrimination against other employees.  FRE 403, 404.

5.    Testimony or other evidence to the effect that the plaintiff was constructively discharged or was effectively forced to quit her employment with defendant as a result of the alleged discrimination and/or retaliation.  FRE 403, 404.

Page 1 – MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTIONS IN LIMINE

6.     Testimony or other evidence of discrete acts of alleged discrimination against the plaintiff by defendant that occurred, or allegedly occurred more than 300 days prior to the date on which the plaintiff formally filed her complaint with the EEOC.  FRE 402, 403.

For the reasons discussed in more detail below, any evidence, arguments, or suggestions on any such topics should be precluded prior to trial.   In the alternative, plaintiff's counsel should be required to give prior notice of any intent to offer such evidence at trial, followed by the commencement of a preliminary hearing under FRE 104 to determine the admissibility of such evidence.

**1.     The EEOC Reasonable Cause Letter is an Inadmissible Lay Opinion, is Based on Hearsay, is Unreliable Hearsay, and is Unduly Prejudicial in Light of its Limited Evidentiary Value.**

A.     Introduction.

The central question on this issue is whether the personal opinion of a governmental employee on a matter having both factual, legal, and procedural components, after conducting a very cursory investigation and in reliance almost exclusively on hearsay, specifically the plaintiff's out-of-court statements, is admissible for any purpose in this case.

That question has three main components.  The first component is whether the particular EEOC determination letter at issue here, either in whole or in part, falls within the hearsay exception for governmental records under FRE 803(8).  If

so, the next question is whether the personal opinion of the EEOC investigator, as reflected in the letter, is admissible under FRE 702.

If the letter passes both of those tests, the next question is whether Ninth Circuit precedent effectively ties this court's hands and necessarily prevents this court from exercising any discretion or conducting the type of balancing contemplated by FRE 403 as to whether the letter should be admitted even if it may have some slight probative value.

B.    The EEOC Letter is Inadmissible, Unreliable Hearsay.

It is apparent from the face of the EEOC reasonable cause determination letter, as it relates to the factual merits of the plaintiff's claims or the lack thereof, that it reflects nothing more than the personal opinion of the investigator, formed after a very superficial and incomplete investigation.  It also reveals that, with regard to the reasonable cause determination in favor of the plaintiff, the investigator relied primarily, if not exclusively, upon the plaintiff's hearsay statements, such that the determination letter is nothing more than a repetition of inadmissible hearsay filtered through a government document.

When so viewed, then, it is apparent that the EEOC determination letter, which is admittedly a report from a federal agency of the type that triggers an analysis under FRE 803(8), does not establish any facts, is not reliable, constitutes only a personal opinion possibly mixed with a conclusion of law, and

therefore is not within the scope of the exception to the hearsay rule provided by that section.

In *United States v. Orozco*, 590 F2d 789, 793-94 (9th Cir 1979), the court noted that the type of opinions and conclusions falling within the exception to the hearsay rule under FRE 803(8) are generally limited to those based upon objective facts or the personal knowledge and observations of the governmental employees responsible for creating such records. By contrast, the rule was not intended as a conduit for the inadmissible, personal, subjective opinions of governmental employees as to matters existing beyond their personal knowledge, and as to which they would not be able to testify as a fact witness at trial.

"Evidence reported in a government document is only admissible to the extent that the maker of the document could testify to that evidence were he or she present in court." *Budden v. United States*, 748 F Supp 1374, 1377 (D Neb 1990). In *Budden*, when addressing statements in an NTSB investigation report that were based upon witness interviews conducted by the investigator, the court also held that: "Reports otherwise admissible under Rule 803(8) may not contain double hearsay, that is, recordation of otherwise inadmissible hearsay by the maker of the report." *Id.* at 1378.

Page 4 – MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTIONS IN LIMINE
Z:\9000\9200.676\PRETRIAL DOCUMENTS\MEMO IN SUPP MOTION IN LIMINE.DOC

In *United States v. Stone*, 604 F2d 922 (5th Cir 1979), the court applied a similar analysis when holding that it was error for the trial court to allow the admission at trial of the affidavit of a governmental employee, which contained statements going beyond the authentication purposes for which it was ostensibly offered and which instead contained the employee's conclusions regarding substantive matters at issue in the trial.  In holding that those portions of the affidavit were erroneously admitted and did not fall within the scope of Rule 803(8), the Fifth Circuit held that:

> "This hearsay exception is designed to allow admission of official records and reports prepared by an agency or government office for purposes independent of specific litigation.  [Citations omitted.]  This exception for an agency's official records does not apply to [an individual's] personal statements prepared solely for purposes of this litigation."  *Id.* at 925-26.

In *Miller v. Field*, 35 F3d 1088 (6th Cir 1994), the court similarly held that those portions of a report arising from a state police investigation did not fall within the scope of FRE 803(8), so as to render them admissible in the plaintiff's §1983 action:

> "Other information contained in the report submitted for the jury's consideration was not, however, part of any factual finding made through firsthand observation.  Rather, the statements of the victim, the alleged assailants, and various witnesses, as well as any statements by the prosecutor regarding reasons for not pursuing criminal charges against certain individuals, contained hearsay information, not facts observed by the preparer of the police report."  35 F3d at 1091.

In *Miller, supra*, the Sixth Circuit, in holding that it was reversible error to admit those portions of the police report into evidence, explained as follows the distinction between those portions of governmental reports that will fall within the hearsay exception provided by Rule 803(8) and those that will not:

> "While a court may presume that a *preparer of a report*, under a duty to relate information, will perform the task required and formulate justified conclusions and reasonable opinions based on evidence *actually observed by the preparer*, no such presumption arises when the preparer relies on potentially untrustworthy hearsay evidence from another individual under no duty to provide unbiased information." *Id.* at 1091-92.  (Emphasis in original.)

The contents of the EEOC reasonable cause determination letter at issue in this case were not based upon any facts known to the EEOC investigator from personal observation, and was instead based solely upon hearsay statements provided by the plaintiff herself, along with whatever additional responsive materials defendant's representatives were able to present before the superficial investigation was concluded.  No reasonable person could conclude that the investigator's opinion was formulated in anything other than an adversarial proceeding conducted as a lead-up to the present litigation.  The "reasonable cause" determination itself, then, does not fall within the scope of the exception to the hearsay rule provided under FRE 803(8).

While other federal circuit courts have rejected the Ninth Circuit's suggestion that FRE 403 simply does not apply to EEOC reasonable cause

determination letters, they have also appropriately noted that before Rule 403 comes into play, a trial court must first determine whether the hearsay exception does, in fact, apply, or whether the reasonable cause determination is based on inadmissible hearsay or demonstrates other characteristics which render it unreliable and therefore outside the scope of the hearsay exception for government documents.

If the exception to the hearsay rule does not apply, an EEOC determination of reasonable cause would not be admissible at trial even if one followed the Ninth Circuit precedent on its application of FRE 403. *See*, *Johnson v. Yellow Freight System, Inc.*, 734 F2d 1304, 1309-10 (8th Cir 1984); *Coleman v. Home Depot, Inc.*, 306 F3d 1333, 1338-1347 (3rd Cir 2002); and, *Barlow v. Connecticut*, 319 F Supp 2d 250, 258 (D Conn 2004). That inquiry into the applicability of the hearsay exception for governmental reports, then, is required in every case in which a hearsay objection is lodged against an EEOC determination letter, regardless of whether or not the letter would be admissible under the balancing test contemplated by Rule 403.

C.    The EEOC Letter is Inadmissible Opinion Evidence.

Because the plaintiff has not designated the EEOC investigator as an expert witness, the admissibility of the letter containing the investigator's personal opinion must be analyzed under FRE 701, and such would not be

Page 7 – MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTIONS IN LIMINE
Z:\9000\9200.676\PRETRIAL DOCUMENTS\MEMO IN SUPP MOTION IN LIMINE.DOC

admissible because under that rule lay witness testimony, in the form of opinion or inference, "is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue."

As noted above, the investigator's opinion with regard to the conduct to which the plaintiff was allegedly subjected while employed by defendant, as reflected in the reasonable cause letter, was *not* be based on the investigator's personal knowledge, nor would the investigator's personal opinions concerning the plaintiff's hearsay report be helpful to the jury's clear understanding of other testimony.   An opinion that there was "reasonable cause" to conclude that defendant had "discriminated" against the plaintiff would also be a legal conclusion rather than testimony as to what was personally seen, heard or said.

In *Trotter v. Todd*, 719 F2d 346 (10 Cir 1983), involving a Title VII claim based on alleged racial discrimination in employment, the plaintiff offered the testimony of a lay witness (a co-worker of the plaintiff at the FAA), as to the discriminative motive of the defendants.  The district court excluded the opinion pursuant to FRE 701.  The Tenth Circuit held that the district court did not err in excluding the proffered testimony, and the jury could draw its own conclusions as to that ultimate issue.

In *Torres v. County of Oakland*, 758 F2d 147 (6th Cir 1985), involving a Title VII claim based on alleged employment discrimination on account of national origin, the court held that it was error for a supervisor to give an opinion whether he believed that the plaintiff had been discriminated against because of her national origin in an interview process. The court concluded that question called for an improper legal conclusion. *See, generally, DeLoach v. United States*, 307 F2d 653, 655 (DC Cir 1962) (the conclusions or interpretations of a witness as to the meaning of what someone else said is not admissible).

In short, if the court concludes that the determination letter does fall within the scope of the hearsay exception provided by FRE 803(8), the letter would still be properly excluded as inadmissible opinion testimony of a lay witness.

D.    <u>The Limited Probative Value of the EEOC Determination Letter is Far Outweighed by its Prejudicial Effect and the Waste of Time and Confusion of Issues that Would Result from its Admission.</u>

Defendant contends that the very limited probative value of the EEOC investigator's personal opinion, formed after cursory and incomplete preliminary interviews, is far outweighed by the likelihood that it will be unfairly and unduly prejudicial to defendant, will confuse the issues to be decided by the jury, will cause unnecessary delay and the waste of time that would be involved if defendant was required to rebut or impeach the governmental employee's opinion, and where any evidence offered in those rebuttal and impeachment

efforts (as well as any additional evidence offered by the plaintiff in support of the opinion of the investigator) will likely be redundant of the evidence the jury will already have to hear in making its independent determination of the facts of this case.

This court may conclude, however, that it is precluded by prior decisions of the Ninth Circuit from independently exercising its discretion in the admission of that evidence, and performing the case-specific balancing contemplated by FRE 403 for virtually every other type of otherwise admissible evidence. This court may well determine that the admission of  a preliminary EEOC reasonable cause determination is mandated in every case in which the determination letter overcomes other evidentiary objections, under the holding in *Plummer v. Western International Hotels Company, Inc.*, 656 F2d 502, 505 (9th Cir 1981), and subsequent Ninth Circuit cases following that rule.

As discussed in *Plummer*, *supra*, 656 F2d at 504, the Ninth Circuit's view of the admissibility of preliminary EEOC determinations was first expressed in dicta in *Bradshaw v. Zoological Society of San Diego*, 569 F2d 1066 (9th Cir 1978), which in turn relied almost exclusively upon dicta found in a footnote near the end of the Supreme Court's decision in *Chandler v. Roudebush*, 425 US 840, 863 n. 39, 96 S Ct 1949, 48 L Ed 2d 416 (1976).

Page 10 – MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTIONS IN LIMINE
Z:\9000\9200.676\PRETRIAL DOCUMENTS\MEMO IN SUPP MOTION IN LIMINE.DOC

However, it is hard to trace a clear and consistent line of reasoning between the limited holding in *Bradshaw*—which only addressed the issue when reviewing the ruling on an apparent *Rule 12* motion that resulted in the an order striking an *allegation* concerning the reasonable cause determination from the plaintiff's complaint—to a much different rule holding such determinations to be necessarily and automatically admissible at *trial* in every Title VII lawsuit.  What the Ninth Circuit actually suggested in *Bradshaw* was that questions of admissibility were best left up to the trial judge:

> "In our judgment the Commission's Determination of Probable Cause was admissible evidence in a trial de novo on appellant's claim.  This being so, there was little occasion to strike it from the complaint.  The court's remark in granting the motion to strike to the effect that it was "to be given no weight in this court's determination of the case" was error.  *It remains with the district court, of course, to determine the degree of weight to be assigned to this evidence.*"  569 F2d 1069. (Emphasis added)

The Ninth Circuit's subsequent extensions of the very limited holding in *Bradshaw*, which appear to have transformed that limited holding into a *per se* rule requiring the admission of EEOC reasonable cause determinations in every state or federal employment in discrimination claim, may lead this court to conclude that it has no discretion left to exercise, and has no ability under the Ninth Circuit precedent to conduct the type of balancing contemplated by Rule 403 for just about every other type of evidence that may be offered in the trial of an employment discrimination claim.

If so, then the defendant suggests that it is even more important for the court to thoroughly examine the background and content of the EEOC determination letter at issue here with regard to whether it is consists of or is based upon inadmissible hearsay, and whether it constitutes inadmissible lay opinion testimony.  If inadmissible under either or both such grounds, Rule 403 simply does not come into play, nor does the Ninth Circuit's unique, *per se* view of the applicability of Rule 403 to such determination letters.

Defendant contends that, while presumptively binding on this court, the Ninth Circuit's current view is: not supported by any statutory basis found within the express language of Title VII; inconsistent with the Supreme Court's view of the legislative intent evidenced by the separation of the EEOC's conciliation and investigatory functions with federal court's adjudicative functions; inconsistent with the Ninth Circuit's refusal to afford any evidentiary value to such determination letters in the summary judgment context; and, inconsistent with and expressly rejected by just about every other federal circuit and many state courts.  Defendant has therefore prepared a separate, supplemental memorandum with a detailed, critical analysis of the Ninth Circuit's treatment of the admissibility of EEOC reasonable cause letters, and upon the court's invitation defendant will submit it to the court for consideration when addressing

the objections the EEOC letter will need to overcome before the court reaches the Rule 403 issue.

E.    If the EEOC Letter is Admitted, Defendant Requests that a Detailed Limiting Instruction also be Given.

Further evidence of the low regard afforded by other federal courts to EEOC reasonable cause determinations is revealed by the court's holding in *Abrams v. Lightolier, Inc.*, 841 F Supp 584, 592-93 (D NJ 1994), in which the court rejected a post-trial motion filed by the defendant employer after a jury award for the plaintiff employee, and in which the employer argued that the court erroneously admitted the EEOC's preliminary determination letter into evidence. The trial court's ruling is particularly instructive in light of the broad scope of the limiting instruction found to have eliminated any potential prejudice arising from the admission of the letter, which strongly evidences the court's view of the determination as having very little probative value in the first place:

> "Moreover, any taint or prejudice surrounding the EEOC letter was adequately cured by this Court's repeated instructions that: (1) the EEOC findings may or may not be correct; (2) the findings were not binding; (3) the EEOC did not conduct a hearing; (4) witnesses were not required to give sworn testimony under penalty of perjury; (5) parties were not necessarily aware of information given the EEOC by other parties; (6) there was no opportunity to cross-examine witnesses; (7) the parties could not compel testimony of witnesses; (8) the EEOC has no power to require a party to pay damages; and (9) the jury must base its decisions on the law in which it was instructed, not the law upon which the EEOC may have relied. This court is confident that its strongly worded instruction prevented the jury from affording the undue weight."

Page 13 – MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTIONS IN LIMINE
Z:\9000\9200.676\PRETRIAL DOCUMENTS\MEMO IN SUPP MOTION IN LIMINE.DOC

In the present case, defendant requests a similar limiting and cautionary instruction in the event the court determined that it is bound by Ninth Circuit precedent and must automatically admit the preliminary determination letter into evidence without conducting the type of weighing otherwise required by FRE 403. Of course, even giving that extensive limiting instruction would, by itself, only serve to confuse the jury as to its role in this case now that it has moved outside of the non-binding administrative realm and into a court of law. If it takes that much effort to explain to a jury why they should not afford undue weight to an EEOC reasonable cause determination, then one could easily conclude that whatever slight probative value it might have was far outweighed by the potential for confusion of the issues and waste of time involved in explaining to the jury all the reasons why they may properly view the EEOC determination with suspicion.

In summary, then, before the EEOC preliminary determination letter at issue here can be deemed potentially admissible under the exception to the hearsay rule, the court must make an independent determination of admissibility under the standards governing governmental records offered under FRE 803(8).

Then, if this court finds: 1) that the EEOC determination letter at issue here is not simply a repetition of inadmissible hearsay, in the form of the plaintiff's own statements to the investigator; 2) then finds that the substance of the letter and its preliminary determination of reasonable cause is sufficiently reliable given the

Page 14 – MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTIONS IN LIMINE

very cursory and superficial investigation conducted by the EEOC; 3) then concludes that based upon those preliminary finding, it is automatically prevented from conducting the type of weighing required by FRE 403, the court should nonetheless issue extensive limiting instructions similar to that described above, so as to eliminate any possibility of undue or unfair prejudice to defendant.

     F.   <u>If any Portion of the EEOC Letter is Admitted, the Entire Letter Should be Admitted.</u>

While the EEOC made a reasonable cause determination favorable to the plaintiff on her hostile work environment claim, it actually *rejected* her claim that she had been retaliated against for complaining about or resisting that alleged harassment.  Accordingly, if the letter is deemed admissible for any purpose suggested by the plaintiff, then in fairness to defendant the entire letter should be admitted, including those portions favorable to defendant.

## 2.   Opinion Testimony Regarding Defendant's Alleged Intent to Discriminate Should Be Excluded.

Defendant has also moved to exclude testimony by the plaintiff or any other witness in the form of opinion, feeling or belief that defendant discriminated or intended to discriminate against the plaintiff.  As discussed in section 1C above, under FRE 701, a lay witness' testimony in the form of opinion or inference is admissible only when "limited to those opinions or inferences which

are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue."

That limitation is especially applicable in this case given plaintiff's identification of a large number of current and former Hannah employees who, for the most part, appear to be offered for the purpose of offering their personal opinions about various topics, incidents, and issues allegedly connected in some way to the plaintiff's allegations in this case.

In theory, however, every individual who worked for one of the Hannah dealerships during the time the plaintiff worked for defendant, every Hannah employee or manager who ever had occasion to deal with the plaintiff while she worked there, and every employee or manager who also had occasion to deal with the alleged harasser, Mr. O'Connor, has presumably formed some kind of personal opinion about the plaintiff, Mr. O'Connor, or the types of allegations made in this case.

However, the mere fact that such individuals hold those opinions does not mean that those personal opinions are relevant or admissible on any issue to be decided by the jury.  While defendant will lodge more specific objections to the proffered testimony of certain individual witnesses identified by the plaintiff, defendant contends that the court should nonetheless grant this portion of the motion in limine (as well as the portions discussed in sections 3 and 4, below) as

Page 16 – MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTIONS IN LIMINE
Z:\9000\9200.676\PRETRIAL DOCUMENTS\MEMO IN SUPP MOTION IN LIMINE.DOC

a general restriction on the evidence that the plaintiff will be allowed to offer at trial, subject to further rulings upon a contention by the plaintiff that the testimony of particular witnesses identified by her should not be excluded under the court's preliminary, general ruling.

### 3.    Hearsay Testimony from Plaintiff's Former Co-Workers Should Be Excluded.

It is anticipated that the plaintiff may also offer testimony as to what other co-workers supposedly heard, said, or believed regarding defendants' treatment of the plaintiff or other women at the dealership.  This type of testimony should be excluded as hearsay pursuant to FRE 802.

The testimony of former employees relied upon by the plaintiff, when opposing defendant's motion for summary judgment, failed to affirmatively demonstrate that the respective affiants had personal knowledge of the alleged statements, failed to identify specific individuals who allegedly uttered the statements, failed to identify the specific words allegedly spoken, and failed to demonstrate that the statements were specifically directed to the incidents at issue in this case.

For the most part, defendant contends that there will be no foundational evidence demonstrating that the former fellow employees whose testimony the plaintiff relied upon in the summary judgment proceedings, and whom she has again identified as potential witnesses at trial, were authorized to make

Page 17 – MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTIONS IN LIMINE
Z:\9000\9200.676\PRETRIAL DOCUMENTS\MEMO IN SUPP MOTION IN LIMINE.DOC

statements on behalf of defendant on issues such as the plaintiff's job performance, her authorized job duties, Mr. O'Connor's job duties and performance, or defendant's response to separate discrimination complaints lodged by employees other than the plaintiff.

Nor should such testimony be used as a means of offering the plaintiff's hearsay statements, when filtered through other rank-and-file employees, concerning her complaints about Mr. O'Connor, the allegedly hostile work environment, the alleged retaliation against her, or any of the many other discrete disputes the plaintiff had with her managers and supervisors over the last few years of her employment with defendant.

For example, if the plaintiff complained about Mr. O'Connor to a fellow employee, the substance of that complaint would be inadmissible hearsay for the purpose of attempting to prove the truth of the facts allegedly giving rise to the complaint. By the same token, hearsay statements attributed to employees other than the plaintiff, even if supportive of the plaintiff's claims about a sexually hostile work environment or defendant's response to her complaint about Mr. O'Connor, would not be admissible under FRE 801(d)(2).

In addition, to the extent that the testimony of plaintiff's former co-workers did not constitute inadmissible hearsay, and even if generally favorable about the plaintiff's job performance, supportive of her claims, or critical of defendant on

Page 18 – MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTIONS IN LIMINE
Z:\9000\9200.676\PRETRIAL DOCUMENTS\MEMO IN SUPP MOTION IN LIMINE.DOC

issues relating generally to discrimination in the workplace, that testimony should still be excluded on the ground that it is not relevant, and that any minimal relevance is outweighed by the likelihood that they will be unfairly prejudicial to defendant, will confuse the issues, or waste time.  FRE 403.

**4.    Evidence of "Prior Bad Acts" by Defendant Should Be Excluded.**

It appears that plaintiff will attempt to bolster her claim of discrimination by offering extensive evidence of "prior bad acts," allegedly committed by defendant and other individual employees, which had nothing to do with the plaintiff and which have no legal or logical connection to the specific types of sexual discrimination and retaliation alleged in this case by the plaintiff.  Such evidence is not relevant to any issue in this case and should be excluded under FRE 402. Nor would such evidence be probative of motive, opportunity, intent, preparation, plan, knowledge or absence of mistake under FRE 404(3).

Further, such evidence should be excluded under FRE 403 on account of unfair prejudice, confusion of the issues, misleading the jury, and undue delay. The admission of any evidence that may be offered by plaintiff on these points would be unfairly prejudicial, would confuse and mislead the jury, and would be a total waste of time.

Under FRE 404, evidence of other wrongs or bad acts is not admissible to prove the character of a person in order to show that the person acted in

conformity therewith.  That rule is reinforced by FRE 608(2), which provides that specific instances of the conduct of a witness, for the purpose of attacking or supporting the credibility of the witness, other than conviction of certain crimes, may not be proven by extrinsic evidence, and that such specific instances of conduct may not, even if probative of truthfulness or untruthfulness, be inquired into on cross-examination.

In light of the legal standards discussed in Defendant's Trial Memorandum with regard to the *specific* and *substantial*  type of evidence the plaintiff must present in support of her claims, defendant contend that the court should carefully restrict the admission of any evidence that lacks an adequate foundation sufficient to establish the relevancy and admissibility of the isolated incidents of other "bad acts" that plaintiff may offer as evidence of a general animus toward women or members of other protected classes, or other alleged deficiencies in defendant's response to claims of discrimination by other employees which, except for the mere fact of having been lodged by an employee of defendant, have no factual or legal connection to the issues before the jury in the present case.

These principles are illustrated in the case of *Cebula v. General Elec. Co.*, 614 F Supp 260 (ND Ill 1985), in which the plaintiff alleged that he was terminated because of his age in violation of the Age Discrimination in

Page 20 – MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTIONS IN LIMINE
Z:\9000\9200.676\PRETRIAL DOCUMENTS\MEMO IN SUPP MOTION IN LIMINE.DOC

Employment Act.  On summary judgment, the plaintiff submitted an affidavit in which he asserted that several co-workers told him that GE was out to get him because of his age, and that GE had a general plan of replacing older employees with younger ones in order to cut wages and benefits.

In reviewing the affidavit, the district court held that the comments of the co-workers were inadmissible hearsay, in that there were no affidavits from these co-workers; the plaintiff merely repeated what they supposedly said; and as the statements were offered to prove the truth of the matters asserted.  The court specifically held that the statements were not party admissions, in that the "party opponent" was GE; the statements were made by lower-level GE employees; and that there was no evidence suggesting that any of these co-workers were involved in the decision to fire the plaintiff or was speaking as an agent or servant of the employer concerning the matter within the scope of the agency or employment.  *Id.*, at 266.

Similarly, in *Hill v. Spiegel, Inc.*, 708 F2d 233 (6th Cir 1983), another ADEA case, the Sixth Circuit held that it was error for the district court to admit the testimony of a manager as to conversations he had with several other employees concerning the plaintiff's discharge.  The Sixth Circuit noted that there was no evidence that any of the co-workers were involved in the decision to discharge

the plaintiff, nor was there any basis for finding that the statements of these declarants concerned a matter within the scope of their agency.

The court held that the mere fact that the employees were managers within the organization was insufficient to establish that matters bearing upon the plaintiff's discharge were within the scope of their employment. Therefore, their statements to the witness concerning the plaintiff's discharge could not be considered a vicarious admission by the employer. *Id.* at 237.

In the present case, then, allowing the plaintiff to present evidence at trial about other employees' disputes with defendant, or complaints about allegedly discriminatory or retaliatory conduct engaged in by defendant with regard to those other employees, will necessarily result in "mini-trials" on the merits and outcome of those other disputes so as to ensure that the plaintiff's evidence, if allowed, does not unfairly prejudice defendant by presenting a superficial, one-sided view of those disputes.

The need to rebut the proffered evidence of those many unrelated claims would clearly lengthen the trial, confuse the issues to be decided in this case, and would still be unfairly be prejudicial to defendant even if it was allowed to present the vast body of contrary evidence that would demonstrate the lack of merit of other employees' complaints. Accordingly, even if the court determined

that evidence of such other "bad acts" was potentially admissible under FRE 404, it should still be excluded under FRE 403.

**5.    Evidence Regarding the Plaintiff's Rejected Constructive Discharge Claim, and any Damages Allegedly Caused by the Discharge, Should Be Excluded.**

As part of the court's ruling for Hannah on its motion for summary judgment on the plaintiff's common-law wrongful discharge claim, the court concluded that the evidence was not sufficient to support the constructive discharge element of that claim.

In response to that ruling, plaintiff's counsel have withdrawn any corresponding contentions from the plaintiff's portion of the Pretrial Order, both in relation to the claims that were dismissed on summary judgment and as the constructive discharge theory was previously alleged as a means of seeking additional damages on the sexual discrimination and retaliation claims.

Accordingly, the plaintiff should not be allowed to argue, suggest, or expressly claim through her testimony that she was effectively forced to quit her job at Hannah as a result of the alleged discrimination or retaliation.  Nor should the plaintiff be allowed to present evidence suggesting or claiming ongoing economic or non-economic damages that are based, even in part, upon the allegedly adverse psychological or emotional consequences of the plaintiff's

feeling that she was somehow forced to quit her job with defendant as a result of the alleged harassment and/or retaliation.

If such evidence is allowed or is offered by the plaintiff inadvertently, defendant requests an appropriate curative instruction including, but not limited to, an instruction advising the jury that the court dismissed the wrongful discharge claim based on its finding that the evidence did not support the constructive discharge element of that claim.

## 6. Evidence of Discrete Acts of Alleged Discrimination Allegedly Occurring More than 300 Days Prior to the Filing of the Plaintiff's EEOC Complaint.

As discussed in more detail in Defendant's Trial Memorandum, at pages 23 through 27, the plaintiff is not entitled to recover damages for discrete acts of alleged discrimination that occurred more than 300 days before the filing of her EEOC complaint.   While the plaintiff's retaliation claim is admittedly based in large part on conduct that allegedly occurred within that time frame, her hostile work environment claim is based almost entirely upon discrete acts that occurred well outside that time frame, particularly in the form of alleged harassment by her former supervisor, Mr. O'Connor.

Before any evidence of those earlier event is admitted, however, the court should make a preliminary determination as to whether the allegedly discriminatory conduct engaged in by Mr. O'Connor constituted a "discrete act"

Page 24 – MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTIONS IN LIMINE
Z:\9000\9200.676\PRETRIAL DOCUMENTS\MEMO IN SUPP MOTION IN LIMINE.DOC

under the *Morgan* standard and, if not, the evidence should be subjected to a further evaluation under FRE 403 and 404 as to whether it constitutes admissible evidence of "prior bad acts" or whether, if admissible for any purpose, its limited probative value is outweighed by considerations of undue prejudice to defendant, confusion of the issues, waste of time, and other factors that may militate against the admission of such evidence under Rule 403.

As to any such evidence that is admitted, defendant alternatively requests that the jury be given a limiting instruction under which it is advised that even though the jury may consider the evidence for its probative value, the plaintiff is not entitled to recover damages in this case based upon the alleged effects of time-barred, discrete acts.

**DATED** this 27th day of March, 2006.

**THE RICKLES LAW FIRM, PC**


By: _____*/s/ Martin W. Jaqua for*_____
      Stephen P. Rickles, OSB #79361
      strickles@aol.com
      Of Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the foregoing MEMORANDUM IN SUPPORT

OF DEFENDANT'S MOTION IN LIMINE on the following parties on the 27th day

of March, 2006, by:

[   ]    Mail – placed in a sealed envelope with postage prepaid, deposited in the

        U.S. Mail at Portland, Oregon

[ X ]    Electronic service pursuant to LR 100.13

[   ]    Hand delivery

[   ]    Facsimile transmission

[   ]    Overnight delivery

I further certify that said copy was served as indicated above and

addressed to said attorneys at the addresses listed below:

Craig A. Crispin. Esq.
Charese Rohny, Esq.
Crispin Employment Lawyers
9600 SW Oak St., Suite 500
Portland, Oregon 97223

By: _____*/s/ Martin W. Jaqua for*_____
       Stephen P. Rickles, OSB #79361
       strickles@aol.com
       Of Attorneys for Defendant

Certificate of Service
Z:\9000\9200.676\PRETRIAL DOCUMENTS\MEMO IN SUPP MOTION IN LIMINE.DOC